**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-4091

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANTHONY HARGETT,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  Louise W. Flanagan, District Judge.  (4:94-cr-00068-FL-11)

Submitted:  June 13, 2025                                    Decided:  July 23, 2025

Before KING, QUATTLEBAUM, and BENJAMIN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  G. Alan DuBois, Federal Public Defender, Eric Joseph Brignac, Chief Appellate Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony Hargett appeals the 60-month sentence imposed upon revocation of his supervised release. On appeal, Hargett contends that the revocation sentence is plainly unreasonable considering that he served a long sentence in state custody for the revocation conduct and that his original crime of conviction would support only a 24-month maximum revocation sentence if committed today.[*] We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Patterson*, 957 F.3d 426, 436 (4th Cir. 2020). "We affirm a revocation sentence so long as it is within the prescribed statutory range and is not plainly unreasonable." *United States v. Coston*, 964 F.3d 289, 296 (4th Cir. 2020) (internal quotation marks omitted). When reviewing whether a revocation sentence is plainly unreasonable, we first "determine whether the sentence is unreasonable at all." *Id.* (internal quotation marks omitted). "In making this determination, we follow generally the procedural and substantive considerations that we employ in our review of original sentences, with some necessary modifications to take into account the unique nature of supervised release revocation sentences." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (citation modified). A revocation sentence is procedurally reasonable if the

---

[*] Hargett had moved in the district court for a sentence reduction under § 404(b) of the First Step Act of 2018, Pub L. No. 115-391, 132 Stat. 5194, which, if applicable to revocation proceedings, would allow the district court to retroactively apply the Fair Sentencing Act of 2010, Pub. L. 111-220, 124 Stat. 2372, when determining an appropriate sentence upon revocation of Hargett's supervised release. The district court found that Hargett was eligible for a reduction to a maximum revocation sentence of 24 months' imprisonment but declined to grant his motion. Hargett has not challenged on appeal the district court's denial of his sentence reduction motion.

2

district court adequately explains the sentence after considering the Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors. *Id.*; *see* 18 U.S.C. § 3583(e). A revocation sentence is substantively reasonable if the court states a proper basis for concluding that the defendant should receive the sentence imposed, up to the statutory maximum. *United States v. Crudup*, 461 F.3d 433, 440 (4th Cir. 2006).

Our review of the record confirms that Hargett's revocation sentence is procedurally and substantively reasonable. The district court correctly identified the policy statement range and the revised policy statement range under the Fair Sentencing Act, considered the relevant statutory factors, and adequately explained its determination that a sentence reduction and any sentence less than 60 months' imprisonment would not satisfy the relevant § 3553(a) factors. We conclude Hargett's revocation sentence is not plainly unreasonable.

Additionally, a sentence imposed upon revocation of supervised release is a sanction on the defendant's breach of trust, *United States v. Webb*, 738 F.3d 638, 641 (2013), and is separate from and in addition to any sentence imposed as punishment for the new criminal conduct, *see* U.S. Sentencing Guidelines Manual § 7B1.3(f) & cmt. n.4 (2024). Accordingly, the district court appropriately imposed a sentence within the policy statement range for Hargett's violation of the terms of his supervision although he served a lengthy state sentence for the new criminal conduct.

3

We therefore affirm the district court's revocation judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*